W. S. PETTY AND ANOTHER v. MARY BARRETT AND OTHERS.

In April, 1860, R. and his wife duly executed a deed of trust upon their homestead, to secure indorsers on their notes. In 1863, R. died insolvent, and his wife subsequently died insolvent in 1866. Soon after the death of the latter, their son, who was then of full age, left the property and never afterwards resided upon it ; and in 1867, two daughters, the only other children of R. and wife, married, and acquired other homes. The indorsers paid the notes, and brought this suit against the children and heirs of R. and wife, to enforce the deed of trust. *Held*, that the plaintiffs are entitled to have the trust enforced, the property sold, and to reimbursement out of its proceeds. As the defendants did not remain together as a family, nor continue to occupy the property as a homestead, they can only take it subject to the incumbrance of the deed of trust. Had they been minors, remaining together and occupying the property as a homestead, or if a surviving widow, the head of a family, was the party defendant, the question presented would be a different one.

APPEAL from Hopkins. Tried below before the Hon. W. H. Andrews.

The opinion states the facts.

*W. M. Walton*, for the appellants.

No brief for the appellees.

WALKER, J. J. J. Reeves and wife executed a deed of trust to F. M. Rogers, to secure the appellants harmless on two promissory notes due A. H. Shepard, for the aggregate sum of eighteen hundred dollars, which notes were indorsed by the appellants.

The deed of trust was given for a lot and improvements in the town of Sulphur Springs. Reeves lived upon the property, and carried on the business of a druggist. He died insolvent in 1863, and his wife died in 1866. The appellees are the children of J. J. Reeves and wife. J. J. Reeves, Jr., is about thirty years of age, and does not reside upon the property. Mary

married Barrett, and Laura married Mathews. All the defendants were over twenty-one years of age at the commencement of the suit. The appellants have paid the notes to Shepard. Upon this state of facts the appellants are entitled to have the property sold, and to be repaid the money, principal and the interest, which they have paid on the Shepard notes.

If the children and heirs take this property on the death of their parents, they must take it subject to the incumbrance. They cannot succeed to the homestead right of their parents, unless they had remained together as a family and occupied the property as a homestead.

It is not necessary that we should here decide whether the deed of trust would override the homestead right of a family of minor children, remaining together as a family, and occupying the property; or of a surviving widow, the head of a family. When it shall become necessary that this troublesome question should be decided by this court, upon a fair statement of facts we will endeavor to give its solution.

The judgment of the District Court is reversed and the cause remanded.

Reversed and remanded.